William Deckelman, J.
This is a proceeding under article 78 of the Civil Practice Act, in which petitioner seeks a review of and an order annulling a determination of the State Tax Commission that a certain instrument constituted a lien upon real property and was subject to a mortgage tax pursuant to section 253 of the Tax Law.
The agreement was made May 27, 1954, between Federal Insurance Company and John-Platt Realty Corporation, the owner of premises known as 90 John Street, New York City, and provides for the installation of an air-conditioning system in such premises for which the first party, Federal Insurance *217 Company would advance or pay over to John-Platt Realty Corporation the sum of $235,000 as further provided in such agreement.
Paragraphs 6 and 7 of such agreement are as follows:
Sixth : (a) Platt will not at any time during the tenancy of Federal in the premises 90 John Street, New York, N. Y. encumber the premises with total mortgage liens in excess of Two million ($2,000,000.00) Dollars and Federal agrees to subordinate its lease dated October 10, 1950, to mortgage liens in that amount. Article “sixth” of the lease dated October 10, 1950, between the parties is hereby amended in accordance therewith.
(b) Platt further agrees, that if af my time during the said tenancy, Federal is compelled to vacate the premises, whether by (1) foreclosure of the first mortgage on the premises, or (2) by reason of the premises becoming wholly untenantable for the conduct of Federal’s business through any cause attributable, directly or indirectly to Platt, Platt will pay to Federal the balance of Federal’s unamortized investment in the installation, which amortization shall be made in accordance with Federal’s customary accounting practice and to which practice Platt wholly agrees and gives its consent, said amount to become a lien on the premises and any proceeds of sale. It is further agreed that Platt will carry insurance against the risk of fire, including extended coverage, and water damage, and casualty and war risks when deemed necessary, upon the entire air conditioning installation in the building 90 John Street, New York, N. Y., in an amount at least equal to the unamortized investment of all parties, other than Platt, in the said entire air conditioning installation. Federal, in said insurance, shall be named as an assured and as a loss payee to the extent of its unamortized interest in the installation. Federal shall pay to Platt that proportion of the total insurance premiums for said insurance as the unamortized interest of Federal in the installation bears to the entire unamortized interest of all parties, other than Platt, but including Federal, in the entire air conditioning installation in the building 90 John Street, New York, N. Y. Federal hereby consents that other tenants in the building 90 John Street, New York, N. Y., having an insurable interest in the entire air conditioning installation therein may be named as assureds and as loss payees under the said insurance. With respect to the enumerated contingencies set forth in this Article “ sixth ”, whereby Federal may be compelled to vacate the premises, it is understood and agreed that if, upon the occurrence of any of the said contingencies, Federal may be permitted to remain as a tenant in the premises 90 John Street, New York, N. Y., at a rental in excess of that being paid to Platt under its leases therewith, Federal, at its option, may refuse to do so and elect to vacate the said premises and receive from Platt the payment set forth above in this Article “sixth”.
Seventh : In the event that the premises 90 John Street, New York, N. Y., are sold by Platt before Federal has fully amortized the expense of the air conditioning installation herein provided for, Platt, at the sole option of Federal, will promptly pay to Federal out of the proceeds of sale of the premises the unamortized investment of Federal therein computed in accordance with the terms of Article “sixth” above, and such sum shall become a lien on the premises and the proceeds of sale thereof. In the event that Federal exercises its option as contained in this Article “ seventh ”, it is agreed, any other term and provision of this Agreement notwithstanding, that from the date of the receipt by Federal of the payment aforesaid Federal will pay during the period the full benefit of the installation is available in any space leased by it in the premises 90 John Street, New York, N. Y., an *218 increased rental of sixty (60ji) cents per square foot per annum, instead of, and in lieu of, the increase of thirty-two (32{i) cents per square foot per annum which Federal may then be paying to Platt in accordance with the provisions of Article “ third (a) ” hereof, said increased rental, however, only to be paid on the same proportion of the space leased to Federal as the proportion that the unamortized investment of Federal in the installation bears to the payments made by Federal pursuant to Article “ second ” hereof, provided however, that said additional rental of sixty (60(5) cents per square foot shall be subject to adjustment upward or downward as provided in Article “ fifth (b) ” hereof.
Paragraph 10 of such agreement is as follows:
Tenth: Federal further covenants and agrees with Platt that all alterations, additions or improvements which may have been or which may hereafter be made by Federal upon the premises, including, but not in limitation thereof, floor coverings, lighting fixtures, acoustical ceilings, movable office furniture, business fixtures, steel and/or steel and glass office partitions, and the air conditioning installation made by Federal at its sole cost and expense, shall be the property of Federal. With respect to each and every part of the foregoing property, the same shall remain the property of Federal through the period of Federal’s tenancy in the premises 90 John Street, New York, N. Y., and at the termination of Federal’s lease with Platt, Federal, at its option, shall have the right to remove the said property at its own cost and expense, provided, however, that in the event Federal exercises said option the premises are to be restored by Federal to the condition existing prior to installing the aforesaid property, and provided, further, that this right shall not extend to the installation if Platt has heretofore paid to Federal (a) the unamortized cost of the said installation pursuant to Article “third” of this Agreement, or (b) the balance of Federal’s unamortized investment in the said installation as provided for in Article “ sixth (b) ” or Article “ seventh ” of this agreement.
In my opinion the agreement constitutes a lien on the real property 90 John Street and is subject to the tax provided in section 253 of the Tax Law.
Application denied and petition dismissed. Submit order.